NAME    Lionel Scott

PRISON NUMBER    P34349

CURRENT ADDRESS OR PLACE OF CONFINEMENT    R.J. Donovan P.O. box 799005

CITY, STATE, ZIP CODE    San Diego CA. 92179-9007

2254  ✓  1983

FILING FEE PAID
Yes     No ✓

IFP MOTION FILED
Yes     No ✓

COPIES SENT TO
Court ✓    Pro Se

FILED

2007 DEC 19  PM 4:08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY    RM    DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Lionel Scott ,
(FULL NAME OF PETITIONER)

PETITIONER

v.

_____,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED
PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE
CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

_____,
The Attorney General of the State of
California, Additional Respondent.

Civil No. '07 CV 2387 L PCL

(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: _____
   Superior court state of calif county of San Diego

2. Date of judgment of conviction: July 13, 1999

3. Trial court case number of the judgment of conviction being challenged: SDC 137081

4. Length of sentence: 75 years to life

CIV 68 (Rev. Dec. 1998)                    K:\COMMON\FORMS\CIV-68.

5.  Sentence start date and projected release date: _January 23, 1999_
    _75 to life_

6.  Offense(s) for which you were convicted or pleaded guilty (all counts): _Rape and two_
    _counts of oral copulation 261.5(d) 288a (bx2) 261(a x2)_
    _288a cc)_

7.  What was your plea? (CHECK ONE)
    (a)  Not guilty         ☑
    (b)  Guilty             ☐
    (c)  Nolo contendere    ☐

8.  If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
    (a)  Jury        ☑
    (b)  Judge only  ☐

9.  Did you testify at the trial?
    ☐ Yes  ☑ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the **California Court of Appeal**?
    ☑ Yes  ☐ No

11. If you appealed in the **California Court of Appeal**, answer the following:
    (a)  Result: _____
    (b)  Date of result, case number and citation, if known: _N/A_
    _____

    (c)  Grounds raised on direct appeal: _____
    _____
    _____
    _____

12. If you sought further direct review of the decision on appeal by the **California Supreme
    Court** (e.g., a Petition for Review), please answer the following:
    (a)  Result: _Denied_
    (b)  Date of result, case number and citation, if known: _Nov. 28, 2007_
    _S153783_
    (c)  Grounds raised: _Motion to modify invalid sentence_
    _Rehearing of Double Jeopardy greater and lessel_
    _offenses_

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

   (a) Result: _____

   (b) Date of result, case number and citation, if known: _____

      _____

   (c) Grounds raised: _____

      _____

      _____

      _____

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☐ Yes  ☐ No

15. If your answer to #14 was "Yes," give the following information:

   (a) **California Superior Court** Case Number: _SCS3283_

   (b) Nature of proceeding: _motion_

   (c) Grounds raised: _To modify sentence under cunningham V. california (2007) 549 US 127 Sct 856 LEd 2d 856 cunningham Also re hearing of double jeparty issue_

   (d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes  ☐ No

   (e) Result: _____

   (f) Date of result: _____

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☑ Yes  ☐ No

17. If your answer to #16 was "Yes," give the following information:

    (a) **California Court of Appeal** Case Number:_____

    (b) Nature of proceeding: _strike issue about a 1976 burglary in mo. shouldn't be a strike superior court only_

    (c) Grounds raised: _Strike burglary because it was not the same as calif._

    _denied_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☑ No

    (e) Result: _____

    (f) Date of result: _____N/A_____

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?
    ☑ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

    (a) **California Supreme Court** Case Number: _S 153783_

    (b) Nature of proceeding: _motion to modify invalid sentence and rehearing of double Jepardy issue_

    (c) Grounds raised: _____
    _sentence was invalid under new ruling cunningham v. california_

    (d) Did you receive an evidentiary hearing on your petition, application or motion?
        ☐ Yes ☑ No

    (e) Result: _____Denied_____

    (f) Date of result: _November 28, 2007_____

20.  If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the **California Supreme Court**, containing the grounds raised in this federal Petition, explain briefly why you did not:

_____

_____

_____

_____

## COLLATERAL REVIEW IN FEDERAL COURT

21.  Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes ☑ No     (IF "YES" SKIP TO #22)

    (a)  If no, in what federal court was the prior action filed? _U.S. District court_

    (i)  What was the prior case number? ___01-cv-0305___

    (ii)  Was the prior action (CHECK ONE):
        ☑ Denied on the merits?
        ☐ Dismissed for procedural reasons?

    (iii)  Date of decision: ___January 17, 2002___

    (b)  Were any of the issues in this current petition also raised in the prior federal petition?
        ☐ Yes ☐ No

    (c)  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
        ☐ Yes ☑ No

---

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present *all* other grounds to the California Supreme Court before raising them in your federal Petition.

- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.

- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: _Trial court imposed an illegal enhancement under cunningham v. california (2007) 549 U.S. 127 Sct 856 166 LED 2d 856 cunningham_

Supporting **FACTS** (state *briefly* without citing cases or law) _Claim attached_

By retrial of greater and lesser offenses under calif. state law petitioner was sentenced to the upper and maxium sentence ing scheme 3-25-to life sentences running consectively wich is the upper term with out a jury's finding. petitioner asked state suprem court for reconsideration on double jepourdy issue and was denied they also refused to modify sentence on consectetive sentencing petitioner also beleives he should have had a jury finding on sentence and jury should have known that he was already convicted on the lesser or other charges.

Did you raise **GROUND ONE** in the California Supreme Court?
☑ Yes ☐ No.

**(b)** GROUND TWO: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____ Attached _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Did you raise GROUND TWO in the California Supreme Court?
☑ Yes ☐ No.

(c) **GROUND THREE**: _____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND THREE in the California Supreme Court?**

☐ Yes ☐ No.

**(d) GROUND FOUR:** _____

_____

_____

_____

**Supporting FACTS** (state *briefly* without citing cases or law): _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Did you raise GROUND FOUR in the California Supreme Court?**

☐ Yes ☐ No.

**23.** Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes  ☑ No

**24.** If your answer to #23 is "Yes," give the following information:

    (a)  Name of Court: _____

    (b)  Case Number: _____

    (c)  Date action filed: _____

    (d)  Nature of proceeding: _____
_____

    (e)  Grounds raised: _____
_____
_____
_____
_____
_____

    (f)  Did you receive an evidentiary hearing on your petition, application or motion?
      ☐ Yes  ☐ No

**25.** Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing: _____ N/A _____

    (b)  At arraignment and plea: _Kay Sunday 2445 fifth ave Suite 200 san diego calif. 92101_

    (c)  At trial: _____
_____

    (d)  At sentencing: _____

    (e)  On appeal: _Steven Scholl state bar number -_

    (f)  In any post-conviction proceeding: _-126312  P.O. box 910496 san diego CA. 921910499_

    (g)  On appeal from any adverse ruling in a post-conviction proceeding: _____
_____

CIV 68 (Rev. Dec. 1998)

-10-

K:\COMMON\FORMS\CIV-68.

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☑ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☑ No

   (a) If so, give name and location of court that imposed sentence to be served in the future:

     _____

   (b) Give date and length of the future sentence: _____

   (c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
    ☐ Yes ☑ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court: _____

*Dec. 11, 2007*

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

_____
                   SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

*Dec. 11, 2007*       *Lionel Neath*
   (DATE)             SIGNATURE OF PETITIONER

CIV 68 (Rev. Dec. 1998)          -11-          K:\COMMON\FORMS\CIV-68.

MC-275

Name _Lionel Scott_

Address _Centinela State Prison_

_P.O. box 911    B5-150L_

_Imperial CA. 92251_

CDC or ID Number _P34349_

_California Supreme Court_

_____
(Court)

**PETITION FOR WRIT OF HABEAS CORPUS**

_Lionel Scott_
Petitioner

vs.

_V. M. Almager_
Respondent

No. _SDC 137581_
*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

**This petition concerns:**

☐ A conviction                    ☐ Parole

☒ A sentence                      ☐ Credits

☐ Jail or prison conditions       ☐ Prison discipline

☐ Other *(specify)*: _____

1. Your name: _Lionel Scott_

2. Where are you incarcerated? _Centinela State Prison_

3. Why are you in custody?  ☐ Criminal Conviction  ☒ Civil Commitment

*Answer subdivisions a. through i. to the best of your ability.*

a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

_Unlawful sexual intercourse with a minor two counts of oral copulation forcible rape and two counts of forcible oral copulation_

b. Penal or other code sections: _261.5(d) 288a(b)(2)  261(a)(2) 288a(c)_

c. Name and location of sentencing or committing court: _San Diego Superior Court_

d. Case number: _SDC 137581_

e. Date convicted or committed: _January 23, 1999 mistrial on forcible counts_

f. Date sentenced: _Retried on forcible counts resentenced July 13, 1999_

g. Length of sentence: _75 years to life_

h. When do you expect to be released? _N/A_

i. Were you represented by counsel in the trial court?  ☒ Yes.  ☐ No. If yes, state the attorney's name and address:

_Kay L. Sunday 2445 Fifth ave. Suite 200 sandiego CA.92101_

_____

4. What was the LAST plea you entered? *(check one)*

☒ Not guilty  ☐ Guilty  ☐ Nolo Contendere  ☐ Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

☒ Jury  ☐ Judge without a jury  ☐ Submitted on transcript  ☐ Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

The trial court imposed an illegal enhancement under cunningham v. california (2007) 549 U.S. 127 S.ct 856, 166 L.ED 2d 856 cunningham

a. Supporting facts:
Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at *what* time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

Claim attached - Motion to Modify Invalid sentence

(2) Asking for Rehearing of double Jeopardys greater and lesser offenses

b. Supporting cases, rules, or other authority (optional):
*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

cunningham v california (2007) 549 US 127 s.ct 856 166 L.Ed 2d 856 cunningham.
Fields supra [85] 13 cal. 4th at P. 306 307
P.V. Kurtz man (1988) 250 cal.RPt. 244 758 P.2d 572

7. Ground 2 or Ground ____ (if applicable):

petitioner is asking for rehearing of
Double Jeopardy issue of greater and lesser offense
and for petitioner to be submitted to the elemet test
instead of the State accusatory test is a aggravating factor.

a. Supporting facts:

Petitioner was sentenced to two consecutive,
and one concurrent, term of 25 years to life.
On June 14, 1999 after petitioner was retried on
forcible counts and found guilty the two
consecutive and one concurrent of 25 years to life
was stayed and he was sentenced to 3-25 to life
running consecutive. The petitioner was found guilty
of unlawful sexual intercourse with a minor P.C. 261.5(d)
count 2 and two counts of oral copulation of a minor
Pen. code 288a(b)(2) counts 4 and 6 but was
unable to reach verdicts on three other counts.
The jury was hung on the forceable counts P.C. 261(a)(2)
count 1 and two counts of forcible oral copulation P.C. 288a(c)
counts (3 and 5) Judge John A Houston US. Magistrate
Judge stated in his foot notes that under the accusatory
pleading test used by several Calif. courts these were
greater and lesser offenses.

b. Supporting cases, rules, or other authority:

Cunningham v. California (2007) 549 US 127 s.ct 856
1661 L.E.D. 2d 856 cunninghams
Fields supra [25] 13 cal. 4th at P. 306 307 Fields 1996
Cal.RPt 2nd 282 914
P.v. Kurtzman (1988) 250 cal.RPt 244 758 P2d 572
constitution fifth amendment

8. Did you appeal from the conviction, sentence, or commitment? ☒ Yes. ☐ No. If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):
*4th District Division 1    DO 33131, DO 33902*

b. Result: *review Denied January 10, 2001*    c. Date of decision: *January 10, 2001*

d. Case number or citation of opinion, if known: *DO 33131, DO 33902*

e. Issues raised: (1) *Court erred by refusing to instruct on caljic no. 17.41.1*

(2) *Double Jepardy barred Second trial*

(3) *insufficient evidence of Miami serious felony conviction*

f. Were you represented by counsel on appeal? ☒ Yes. ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court? ☒ Yes. ☐ No. If yes, give the following information:

a. Result: *Review Denied on Double Jepardy*    b. Date of decision: *January 10, 2001*

c. Case number or citation of opinion, if known: *Court of Appeal No. DO 33131 c/w DO 33902*

d. Issues raised: (1) *1023 barred retrial, for not instructing, conduct credit*

(2) *PC 2933.1*

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

*N/A*

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

_____

_____

_____

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☐ Yes. ☐ No.
*Attach documents that show you have exhausted your administrative remedies.*

MC-275 [Rev. January 1, 1999]              PETITION FOR WRIT OF HABEAS CORPUS          [WEST GROUP Official Publisher]          Page five of six

12. Other than direct appeal, have you filed any other petitions, applications, or motions with respect to this conviction, commitment, or issue in any court?   ☒ Yes. If yes, continue with number 13.   ☐ No. If no, skip to number 15.

13. a. (1) Name of court: _San diego superior court_

    (2) Nature of proceeding (for example, "habeas corpus petition"): _Motion to Modify sentence_

    (3) Issues raised: (a) _Attached_

        (b) _____

    (4) Result (Attach order or explain why unavailable): _Attached_

    (5) Date of decision: _May 16, 2007_

  b. (1) Name of court: _San diego superior court_

    (2) Nature of proceeding: _____

    (3) Issues raised: (a) _____

        (b) _____

    (4) Result (Attach order or explain why unavailable): _____

    (5) Date of decision: _____

  c. For additional prior petitions, applications, or motions, provide the same information on a separate page.

14. If any of the courts listed in number 13 held a hearing, state name of court, date of hearing, nature of hearing, and result:

_____

_____

15. Explain any delay in the discovery of the claimed grounds for relief and in raising the claims in this petition. (See In re Swain (1949) 34 Cal.2d 300, 304.)

_Petitioner has limited education and is without funds to hire counsel_

16. Are you presently represented by counsel?   ☐ Yes.   ☒ No. If yes, state the attorney's name and address, if known:

_____

17. Do you have any petition, appeal, or other matter pending in any court?   ☐ Yes.   ☒ No. If yes, explain:

_____

18. If this petition might lawfully have been made to a lower court, state the circumstances justifying an application to this court:

_____

I, the undersigned, say: I am the petitioner in this action. I declare under penalty of perjury under the laws of the State of California that the foregoing allegations and statements are true and correct, except as to matters that are stated on my information and belief, and as to those matters, I believe them to be true.

Date:

▶

_____
(SIGNATURE OF PETITIONER)

## TABLE OF AUTHORITIES

Almendaraz-Torres v. United States (1998) 523 U.S. 224-226

Amons (2005) 125 Cal.App 4th 855,856,-867

Appreni v. New Jeresy (2000) 530 u.S. 466,

Blakely v. Washington (2004) 542 U.S. 296

Brown 432 U.S. 161

Clark (1993) 5 Cal 4th 750, 765

Consiglio (2005) 128 Cal. App. 4th 511, 514-15,

Constitution Fith, Sixth and Fourteenth Amendment

Cunningham (2007) Lexis 1324

Dixion 509 U.S. 688

Fields Supra [85] 13 Cal. 4th at P. 306, 307 (1996) Cal Rptr. 2d, 282,914

Green (1947) 30 Cal 2d 589, 184 P. 2d 512) 805,307

Kurtzman (1988) 250 Cal.Rptr. 244, 758 P 2d 572

Lopez (1998) 19 Cal. 4th 282 [79 Cal. Rptr. 2d 195, 965 P 2d 713

Monge (1997) 16 Cal. 4th 826, 841

Ortega (1998) 19 Cal. 4th 686, 693 [80 Cal.Rptr. 2d 489,968 P 2d 48

Penal Codes 667 (b)(i) 1170.12, 261.5(B),288 a(b)(2) 261 (a)(2),288 a(c)

Rush (1993) 16 Cal App 4th 20 (20 Cal.Rptr.2d 15)

Scott (1997) 15 Cal. 4th 1188 1201 65 Cal.Rptr. 2d 240

Shepard v.United States (2005) 544 U.S. 13

United States Code 922 924

# EXHIBIT



### ARGUMENT

The Trial Court impermissibly considered aggravating factors not decided by a jury in imposing the upper term when sentencing the Petitioner. On July 13,1999 Petitioner was sentenced to 75,-years to life. Three 25, years to life sentences to be ran consecutive for the following; P.C.261.5(b), P.C.288(b)(2),261(a)(2), the Trial Courts determination of facts. Other than facts of prior convitions to impose the aggravated term in this case violated Petitioners Sixth Amendment Right to Trial guarantee and the Fourteenth Amendment due process guarantee (see) Cunningham v.California 2007 Lexis 1324 such facts must be found by a Jury beyond a reasonable doubt. At the July 13,1999, sentencing hearing the Trial Court imposed the upper terms wich should have been determind by Jury, not withstanding that Cunningham v.California supra reiterated the rule of Apprendi v.New Jersey 2000, 30 U.S.466 that the Federal Constitution Jury Trial guarantee proscribles a sentencing scheme that allows a Judge to impose a sentence above the statutory Maximum. Based on a fact other than a prior conviction not found by a Jury or admitted by the defendant. Petitioner argues that imposeing an aggravated term based on a Trial Courts determination that the defendant is a recidivist. Offends the Sixth Amendment principles enunciated in Apprendi and Blakely v.Washington(2004) 542 U.S. 296, In Shepard v.United States (2005) 544 U.S. 13 the United States Supreme Court held that a sentencing Court could not look to Police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted and supported a conviction for generic burglary wich prior conviction would then be used to increase the sentence from between 30 and 37 Months to 15 years.

(1)

1   Trial Court errored by not useing "Accusatory test The United

2   States Supreme Court has found the California (DSL) sentencing Sc-

3   heme to be unconstitutional and has clarified that even the 14th

4   Amendment Guarantees a defendant that a Jury of his peers stand be-

5   tween him and the State and find any fact that can be used to ele-

6   vate his punishment be found by the Jury of his peers beyond a rea-

7   sonable doubt. If sentenced to an upper term. If not given that Op-

8   pertunity there was an error in sentencing. Petitioner questions

9   the decission of the state of California useing the Element test

10  instead of the state accussatory test which several California Courts

11  use. After being convicted of three Counts of lesser included offe-

12  nses under the Accusatory test, that several California Courts use.

13  The Petitioners case was looked at under the element test after

14  the Jury came back with a hung decision on the greater offenses un-

15  der the Accusatory test and was discharged without reaching a Verd-

16  ict. The Court retried Petitioner on the greater offenses and stay-

17  ed lesser conviction. Petitioner was then sentenced to three twenty

18  five years to life running consecutive without the second Jury hav-

19  ing an oppertunity to know he had already been tried on lesser off-

20  enses and the greater offenses were hung. The method the Courts

21  used were the same as imposeing an upper term of sentencing without

22  Jury Trial. The Courts used the element test instead of the Accus-

23  atory test, knowing that under the element test they could receive

24  the highest scheme for sentencing purpose.

25  Counsel was Ineffective for not objecting, the three convictions

26  under Fields were barred from retrial. If merely Pleading in sepa-

27  te counts avoid the issue of lesser included offenses determind

28  under the Accusatory Pleading test there would be no accusatory

1  pleading test, the test could always be avoided by useing multiple

2  Counts for the same offense. The Fields decission was not ▓▓▓▓▓ ▓▓

3  based on double Jepardy principles but on the following considera-

4  tions;

5  (1) Once a conviction on the lesser offense has been obtained to

6  later convict of the greater would be to convict twice of the les-

7  ser. Fields supra, 85, 13 Cal 4th at P.306.

8  (2) A contrary rule would vitiate section 1023 by permitting the

9  prosecution to start with Prosecution of the lesser offense and

10 proceed up the scale. Fields 13 Cal. 4th at P.307.

11 (3) Problems of application of a contrary rule includeing instruct-

12 ions to the Jury in the second trial. Fields supra 13 Cal.4th at

13 P.307 fn.  To avoid the problem presented in Fields and in this –

14 case the supreme court in Fields supra, 13 Cal.4th 289 set forth

15 detailed rules adressed to trial Courts and prosecutors. The Court

16 stated at page 310 and 311, as over opinion today makes clear under

17 Kurtzman  when the Jury returns a verdict on the lesser included

18 offenses it must also render a corresponding verdict of actuittal

19 on the greater offense. If a verdict of guilty on the lesser offe-

20 se is recorded and the Jury discharged without having rendered any

21 verdict (43) On the greater offenses. a retrial on the greater off-

22 ense is barred under 1023 regaurdless of whether the exspressly

23 dead lock on that charge. Petitioner beleives that by the Court not

24 useing their own state Accusatory test to determind greater or les

25 ser offenses they reached for the highest method of conviction and

26 sentenced to fifty years to life. The Court stayed that conviction

27 and sentenced him to three 25 to life sentences running consecutive

28 which was upper term and aggravated, Under title 18 United States

(3)

1  code sec. 922, 924 (id.at P.26) shepard cautioned that the sixth,

2  and Fourteenth Amendments Gaurantee a Jury standing Between a Defe-

3  ndant and the power of the States. and they guarantee a Jurys find-

4  ings of any disputed facts essential to increase the ceiling of a

5  potential sentence (id.at P. 25) Shepard thus effectively called

6  into question questtion the validity of Almendarez-Torres v.U.S.

7  (1998) 523 U.S. 224, which held that a Federal indictment for vioal

8  tion of title 18 United States Code section 1326 which forbids

9  unauthorized re-entry of a depoited alien into the united states,

10 heed not specify that the alien had formely been convicted of an

11 aggravated felony even though the aggravated felony conviction wou-

12 ld result in a sentence of up to 20 years rather than only two ye-

13 ars without that prior conviction, (see) Almendarez-Torres v.U.S,

14 supra 523 U.S. at P.226 In Almendarez-Torres four dissenting Just-

15 ices (Justice Scalia, Justice Stevensn Justice Sovter, and Justice

16 Ginsburg) had noted that the relevant question for present purpose

17 is not whether prior felony conviction is typicailly used as a

18 sentencing factor. But rather whether in statues that provide higer

19 maxximum sentences for crimes committed by convicted felons.Prior

20 convictions is typically treated as a mere sentence enahcement of

21 rather as an element of a seprate offense. the answer to that que-

22 stion is the latter---At common law the fact of prior convictions

23 had to be charged in the same in dictment charging the underlining

24 crime, and submitted to the Jury for determination along with crime.

25     Almendarez-Torres v. U.S., supra 523 U.S. at P.261 (dis. opn.

26 of scalia) emphasis in original) The dissenting opion futher noted

27 that there is no rational basis for making recidivism an exception.

28

Lionel Andrew Scott, P34349
Centinela State Prison
P.O. BOX 911 (B-5-150L.)
Imperial, California 92251


In Pro Per



### SUPERIOR COURT STATE OF CALIFORNIA
### COUNTY OF SAN DIEGO


Case No. SCD 137581

| | |
|---|---|
| LIONEL ANDREW SCOTT, | |
| Petitioner, | MOTION TO MODIFY INVALID SENTENCE. |
| v. | |
| V.M. ALMAGER | |
| (WARDEN)    Respondent, | |



TO: THE HONORABLE WILLIAM D. MUDD SUPERIOR COURT JUDGE IN THE COUNTY OF
    SAN DIEGO, CALIFORNIA:

    Pursuant to Cunningham v. California(2007 U.S. Lexis 1324) Petitioner hereby

petitions this court to modify his invalid sentence.

///

///

///

///

**ARGUMENT**

I

The trial court impermissibly considered aggravating factors not decided by a

jury in imposing the upper term when sentencing the petitioner. On July 13,1999

petitioner was sentenced to 75 years to life, three 25 year to life sentences

to be ran consecutively for the following: Pc 261.5(d), Pc 288(b)(2), 261(a)(2).

The Trial courts determination of facts, other than facts of prior convictions

to impose the aggravated term in this case violated petitioners Sixth Amendment

trial guarantee, and the Fourteenth Amendmentdue process guarantee. (see)

Cunningham V. California (2007 Lexis 1324)  Such facts must be found by a jury

beyond a reasonable doubt. At the July 13,1999sentencing hearing the trial court

imposed the upper terms, which should have been determined by a jury.

Not withstanding that Cunningham v. California supra reiterated the rule of

Apprendi v. New Jersey(2000 530 U.S. 466 that the Federal Constitution's jury

trial  guarantee proscribes a sentencing scheme that allows a judge to impose

a sentence above the statutory maximum based on a fact, other than a prior

conviction, not found by a jury or admitted by the defendant. Petitioner urges

that imposing an aggravated term based on a trial court's determination that

the defendant is a recidivist offends the Sixth Amendment principles enunciated

in  Apprendi and Blakely v. Washington(2004) 542 U.S. 296.

In Shepard v. United States (2005) 544 U.S.13, the United States Supreme Court

held that a sentencing court could not look to police reports or complaint

applications to determine whether an earlier guilty plea necessarily admitted,

and supported a conviction for generic burglary, which prior conviction would

then be used to increase the sentence from between 30 and 37 months to 15 years.

Under title 18 United States code sec.922, 924(id. at p.26) Shepard cautioned

that, " The Sixth and Fourteenth Amendments guarantee a jury standing between

a defendant and the powers of the state, and they guarantee a jury's findings

of any disputed facts essential to  increase the ceiling of a potential sentence.

(id. at p.25) Shepard thus effectively called into question the validity of

Almendarez-Torres v. United States (1998) 523 U.S.224, which held that a federal

indictment for violation of title 8 United States code section 1326, which forbids

unauthorized reentry of a deproted alien into The United States, need not specify

that the alien had formely been convicted of an aggravated felony, even though

the aggravated felony conviction would result in a sentence of up to 20 years

rather than only two years without that prior conviction.(see) Almendarez-Torres

v. United States supra 523 U.S. at p. 226. In Almendarez-Torres four dissenting

justices(Justice Scalia , Justice Stevens, Justice Souter, and Justice Ginsburg)

had noted that the relevant question for present purposes is not whether prior

felony convictions is typically used as a sentencing factor, but rather whether

in statues that provide higher maximum sentences for crimes committed by convicted

felons, prior convictions is "typically" treated as a mere sentence enhancement

or rather as an element of a seperate offense. The answer to that question is

that latter--- At common law the fact of prior convictions had to be charged in

the  same indictment charging the underlying crime, and submitted to the jury

for determination along with that crime.(Almendarez-Torres v. United States,

supra 523 U.S. at P. 261 (dis. opn. of Scalia), emphasis in original.) The

dissenting opinion further noted that "there is no rational basis for making

recidivism an exception." The Court is of the view that recidivism need not be

proven to a jury beyond reasonable doubt ( a view that, as I shall discuss,

is precisely contrary to the common-law tradition) because it "goes to punishment

only." (id. at p. 259(dis. opn. of Scalia, J.), Emphasis in original)

Thus, Justice Thomas's concurring opinion in <u>Shepard v. United States, supra,</u> <u>544 U.S. at p. 28</u>, and the four justices' dissenting opinion in <u>Almendarez-</u> <u>Torres v. United States, supra, 523 U.S. 224,</u> support the view that the so-called "recidivism exception" of <u>Almendarez-Torres v. United States, supra, 523 U.S.</u> <u>224,</u> which allows a prior conviction or criminal behavior to enhance or increase the sentence of a present conviction without a jury finding, is in doubt. Therefore, the implication in <u>Cunningham v. California, supra,</u> that a prior conviction may be used to increase a sentence beyond the statutory maximum without a jury determination is also in doubt. Justice Thomas cautioned in Shepard that, " Innumerable criminal defendants have been unconstitutionally sentenced under the flawed rule of Almendarez-Torres, desoite the fundamental imperative that the Court maintain absolute fidelity to the protections of the individual afforded by notice, trial by jury, and beyond-a-reasonable-doubt requirements.'[Citations.]" <u>Shepard v. United States, supra, 544 U.S. at pp. 28-</u> <u>29 (conc. opn. of Thomas, J.).)</u>

The trial courts consideration of Petitioner's recidivism without a jury determination of the facts of such recidivism was a violation of Petitioner's Sixth Amendment right to have a jury determine such facts beyond a reasonable doubt. This is a <u>structural error that mandates resentencing.</u>

<u>CONCLUSION</u>

For the foregoing reasons, petitioner must be resentenced. Had it not been for the Court's consideration of the petitioner's recidivism without that of a jury's consideration the petitioner would have been sentenced to a term less than the 75 yers to life in which he was sentenced. For this reason the petitioner must be resentenced.

Dated: March 5 ,2007                    Respectfully Submitted,

LIONEL ANDREW SCOTT P34349

## DECLARATION OF SERVICE BY MAIL

### Case Name: LIONEL ANDREW SCOTT V. V.M. ALMAGER, WARDEN

### Case No: SDC137581

I am over 18 years of age, and a party to the within action. My address is Post Office Box 911, Imperial, California 92251.

On March 5 , 2007, I served a copy of the attached "Motion To Modify Invalid Sentence", on the below-named person by placing an original and two copies in an envelope addressed as follows, with the postage thereon fully pre-paid, and delivering the sealed envelope to the proper institutional officials for deposit in the United States mail at Imperial, California:

> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF SAN DIEGO
> ATTN:  HONORABLE WILLIAM D. MUDD
>
> 220 W. Broadway
> P.O. BOX 120128
> San Diego, Ca. 92112

Executed under penalty of perjury on March 5 ,2007, at Imperial, California 92215.

_____
LIONEL ANDREW SCOTT P34349
Petitioner

In Pro. per

1

2

3

4

**F** I **L** E **D**

Clerk of the Superior Court

MAY 1 0 2007

By K. D. STURDIVANT, Deputy

5

6

7

8          **IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9               **IN AND FOR THE COUNTY OF SAN DIEGO**

10

11   IN THE MATTER OF THE APPLICATION OF:   )   SCD 137581
                                                                              )
12                                                                        )
                                                                              )   ORDER DENYING MOTION TO
13   LIONEL ANDREW SCOTT,                                  )   MODIFY SENTENCE
                                                                              )
14               Petitioner                                        )
                                                                              )
15                                                                        )
                                                                              )
16                                                                        )
                                                                              )
17   ─────────────────────────────)

18          THIS  COURT,  HAVING  READ  THE  "MOTION  TO  MODIFY  INVALID

19   SENTENCE"  AND  THE  FILE  IN  THE  ABOVE  CAPTIONED  MATTER,  FINDS  AS

20   FOLLOWS:

21          On January 25, 1999, a jury convicted Petitioner of unlawful sexual intercourse with a

22   minor (Pen. Code § 261.5(d) [count 2]) and two counts of oral copulation of a minor (Pen. Code

23   § 288a(b)(2) [counts 4 & 6]), but was unable to reach verdicts on three other counts.  The court

24   found Petitioner had two prior "strike" convictions (Pen. Code §§ 667(b)-(i)/1170.12).  On

25   March 10, 1999, the court sentenced Petitioner to two consecutive, and one concurrent, terms of

26   25 years to life in prison.  On June 14, 1999, a jury found Petitioner guilty of the remaining

27   counts, consisting of forcible rape (Pen. Code § 261(a)(2) [count 1]) and two counts of forcible

28   oral copulation (Pen. Code § 288a(c) [counts 3 & 5]).  On July 13, 1999, the court sentenced

1  Petitioner to consecutive terms of 25 years to life for counts 1, 3 and 5, and stayed sentences of

2  25 years to life on counts 2, 4 and 6, for a total term of 75 years to life in prison.

3         In the instant motion to modify his sentence, filed March 22, 2007, Petitioner argues that

4  his sentence is illegal based on the decisions in *Apprendi v. New Jersey* (2000) 530 U.S. 466

5  (*Apprendi*), *Blakely v. Washington* (2004) 542 U.S. 296 (*Blakely*) and *Cunningham v. California*

6  (2007) 549 U.S. __, 127 S.Ct. 856, 166 L.Ed.2d 856 (*Cunningham*). These cases culminated in

7  the finding in *Cunningham* that, under California's determinate sentencing laws in effect at the

8  time, a defendant's right to a jury trial and to proof beyond a reasonable doubt were violated

9  when a court had a choice of three possible sentences for an offense or enhancement (the

10 "lower," "middle" or "upper" term) and chose to impose the upper term based on aggravating

11 factors found true by the court by a preponderance of the evidence, instead of by the jury beyond

12 a reasonable doubt.

13        Petitioner is not entitled to relief for three reasons. First, Petitioner's case was final long

14 before *Blakely* and *Cunningham* were decided, meaning those cases are not applied retroactively

15 to him. (See *People v. Monge* (1997) 16 Cal.4th 826, 841 [new rules of constitutional law do not

16 generally apply retroactively to convictions already final]; *In re Consiglio* (2005) 128

17 Cal.App.4th 511, 514-515 [*Apprendi* and *Blakely* not retroactive to cases already final on direct

18 review]; *People v. Amons* (2005) 125 Cal.App.4th 855, 865-867 [*Blakely* not retroactive because

19 it does not establish a watershed rule of criminal procedure].) In addition, any claim under

20 *Apprendi* should have been raised on appeal. (See *In re Clark* (1993) 5 Cal.4th 750, 765, citing

21 *In re Dixon* (1953) 41 Cal.2d 756, 759 [matters that could have been but were not raised on

22 appeal are not cognizable on habeas corpus in the absence of special circumstances].)

23        More importantly, Petitioner was sentenced to an *indeterminate* term under the Three

24 Strikes Law. Nothing in *Apprendi, Blakely* or *Cunningham* invalidates such a sentence.

25        Finally, Petitioner waived his right to a jury trial on the prior convictions that made him

26 eligible for Three Strikes sentencing. (See Minutes dated 1/22/99 & 1/26/99.)

27 ///

28 ///

1    Based on the above, the petition is denied. Service of this Order is ordered upon (1) the

2  San Diego Office of the District Attorney, Appellate Division and (2) Petitioner.

3

4    IT IS SO ORDERED.

5

6  DATED:_____5/14/07_____          _____

7                                              HOWARD H. SHORE
                                          JUDGE OF THE SUPERIOR COURT
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT $B$ 

1  offenses are not the same for purposes of double jeopardy.  Id.[6]

2          2.      **Analysis**

3          The California Court of Appeal[7] concluded there was no double jeopardy bar because the

4  non-forcible sex offenses to which petitioner was convicted in the first trial were not lesser

5  included offenses of the forcible sex offenses to which he was convicted in the second trial.

6  Lodgment 2 at 9.  The Court of Appeal explained that "[t]he non-forcible sex crimes require

7  the perpetrator and victim to be within certain age limits while the forcible sex crimes do not."

8  Id. at 10-12.  The Court of Appeal noted that "in the double jeopardy context, ... [t]he

9  appropriate yardstick is the elements test based on statutory comparison of the crimes."  Id. at

10  12 (citing Dixon, 509 U.S. 688).

11          Petitioner, in his petition, acknowledges "that the non-forcible crimes charged ... would

12  not be lesser offenses of the forcible crimes under the statutory elements test, since one can

13  obviously commit forcible rape or forcible oral copulation upon a person over the age of 16

14  years without violating the proscription against sexual intercourse or oral copulation with a

15  minor under the age of 16 years."  Pet. at 8.  Thus, this Court infers that petitioner concedes

16  his argument fails unless the Court adopts a different test in its analysis.[8]

17  //

18

19          [6] The Supreme Court has since rejected another test used in determining double
jeopardy issues in favor of the "same elements" test.  See United States v. Dixon, 509 U.S.
20  688 (1993)(overruling Grady v. Corbin, 495 U.S. 508, 510 (1990), which adopted the
"same conduct" test barring prosecution on double jeopardy grounds where the government
21  must necessarily prove conduct that was already proven in the prior prosecution).  The
Dixon Court specifically abandoned the "same conduct" rule and returned the inquiry to
22  one focusing on the elements of the offenses.  Id. at 704.

23          [7] Since there is no reasoned decision rejecting petitioner's petition for review, the
Court "looks through" to the underlying appellate court decision.  Ylst v. Nunnemaker, 501
24  U.S. 797, 801-06 (1991) (federal courts "look through" state court's summary denial order
to last reasoned state court decision addressing the claim).

25          [8] In fact, petitioner, in his petition, argues that the Court should adopt the
"accusatory pleading" test used by several California courts in deciding whether double
26  jeopardy principles bar subsequent prosecutions.  See Pet. at 8 ("under the accusatory
pleading test, the non-forcible offenses were clearly lesser included offenses of the forcible
27  sexual offenses.").  Unfortunately, this test is not appropriate under federal habeas review
because the United States Supreme Court has clearly established that the "same elements"
28  test is applicable to double jeopardy claims.  See Brown, 432 U.S. 161; Dixon, 509 U.S. at
704.  Thus, petitioner's argument is meritless.

was intending to commit a very wrongful act, even if no punishment was provided for that act, and hence he or she was acting with mens rea and might be guilty of an unintended crime.

**COUNSEL:**
Steven Schorr, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, David P. Druliner, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, Janelle M. Boustany and Jean Hume, Deputy Attorneys General, for Plaintiff and Respondent.

**JUDGES:** Opinion by Haller, J., with Huffman, Acting P. J., concurring. Concurring and dissenting opinion by McDonald, J. (see p. 802).

**OPINIONBY:** HALLER

**OPINION:** [*788]   [**73]        •

**HALLER, J.**

In the first of two trials, a jury found Lionel Andrew Scott guilty of unlawful sexual intercourse by a person 21 years or older with a  [*789]  minor under 16 years of age (Pen. Code, n2 § 261.5, subd. (d)), and two counts [***2]  of oral copulation by a person over 21 years of age on a person under 16 years of age (§ 288a, subd. (b)(2)), but was unable to reach a verdict on one count of forcible rape (§ 261, subd. (a)(2)) and two counts of forcible oral copulation (§ 288a, subd. (c)(2)). The trial court declared a mistrial as to the latter three counts. The trial court subsequently found Scott suffered two prior serious/violent felonies or "strikes" (§ 667, subd. (b)-(i)), and sentenced Scott to a total prison term of 50 years to life.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n2 All statutory references are to the Penal Code.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - - -

In the second trial, a jury convicted Scott of the three violent sex counts that had been mistried. The trial court set aside the previously imposed sentence and resentenced Scott to state prison for a total term of 75 years to life. Scott appeals both judgments; we have consolidated the appeals.

Scott's principal assignment of error is the retrial on the forcible sex offenses was barred under double jeopardy principles because his convictions [***3]  of the nonforcible sex offenses in the first trial were lesser included offenses under an accusatory pleading test. Scott also contends the trial court in the first trial erred by (1) not instructing that Scott's reasonable belief the victim was 16 years old was a defense to the nonforcible sex offenses, and (2) finding that a prior felony conviction in Minnesota constituted a strike under the "Three Strikes" law. Additionally, Scott assigns error to the giving of CALJIC No. 17.41.1 in both trials, and the calculation of his conduct credits.

FACTS

On September 3, 1996, Kristina G. and Pamela G., two 14-year-old friends, were at the Burger King restaurant at the El Camino Real Mall in Carlsbad when they were approached by two men who introduced themselves as "L.A." and "Goody." "Goody" was Scott, who was 40 years old, and L.A. was Scott's 28-year-old brother. Kristina told the brothers she was 16 years old when they asked her age. Pamela said she was 14 years old. The foursome talked about 20 minutes, and L.A. and Kristina exchanged telephone numbers before the men left.

On September 4, L.A. telephoned Kristina and asked if she wanted to go somewhere with him on the following [***4] day. Kristina said she would go if she could bring Pamela; and they arranged to meet [**74] at the Vista Transit Center. On September 5, L.A. and Scott picked up Kristina and Pamela and drove them to San Diego. On the way, they stopped at a liquor store and bought alcohol, which the men drank during the trip. After stopping in a park, the [*790] men took the girls to their apartment to watch movies. The men told the girls there was nothing to worry about because their girlfriends were at the house and they would just watch movies and hang out.

Their apartment was on the second story and had a security screen door with a lock that locked from the inside with a key. Scott's girlfriend, Michelle, and her baby, and L.A.'s girlfriend, Tammy, were inside. Kristina and Pamela sat down in the living room and watched television.

Scott called Kristina into a bedroom and told her he was going to have sex with her even though she did not want to and that she was not going to die from it. Kristina said she was not going to have sex with him and went back to the living room, where she asked L.A. to take her home. L.A. said he was busy and wanted to eat first. Scott took Kristina to [***5] a nearby Burger King and they ordered food from the drive-through window. Kristina considered getting out of the car but did not do so because she did not want to desert Pamela, who was still in the men's apartment. Pamela also left the apartment once, going with L.A. and Tammy to rent a video. Pamela did not try to get away because Kristina was in the apartment, and Pamela did not really believe she would be raped if she returned to the apartment even though the men had said they were going to have sex with her.

After Kristina and Scott returned, he took her into a bedroom, and again told her that he was going to have sex with her. She repeatedly said no, but Scott was yelling at her with an angry voice and she was scared. She complied with his orders to take off her clothes and lie down because "at that point [I thought] I was going to get raped [and] I would never be able to leave. He was probably going to kill me or something." Scott proceeded to rape Kristina. L.A. entered the bedroom, and when Scott left, L.A. raped Kristina.

After Kristina returned to the living room, L.A. called Pamela into a bedroom and raped her.

Later, L.A. raped Kristina again [***6] and made her orally copulate him in the back bedroom. When Kristina returned to the living room, Scott grabbed Kristina's arm and pulled her into the bathroom and forced her to orally copulate him two times.

Eventually, Tammy and Michelle drove Kristina and Pamela home. Two weeks later, Kristina and Pamela went to a clinic to be tested for venereal diseases. The clinic contacted police. Kristina and Pamela selected Scott and L.A. from separate photographic lineups. [*791]

Scott testified in his first trial that he came to San Diego from Minnesota in July or August 1996, and he and his wife and daughter shared an apartment with his brother, L.A., L.A.'s girlfriend, Tammy, and another woman. Scott vaguely recognized Kristina and Pamela and remembered seeing them at the apartment; however, he denied ever sexually touching either girl. The girls went in a back bedroom with L.A. and Tammy, where they had "their own little party going on." Meanwhile, Scott was sitting on the living room couch watching television with his wife and one-year-old daughter. Scott believed L.A. had herpes, and he would not have sex with any person after L.A. had sex with that person.

Scott did not testify [***7] at his second trial.

DISCUSSION

I. *Retrial Did Not Violate Double Jeopardy Principles*

In count 1 of the information, Scott was charged with the forcible rape of Kristina, and in count 2, Scott was charged with [**75] unlawful sexual intercourse by a person over 21

years with a person under 16 years of age--namely, Kristina. In count 3, Scott was charged with forcible oral copulation with Kristina, and in count 4, Scott was charged with oral copulation by a person over 21 years of age with a person under 16 years of age regarding the same incident. Both counts 3 and 4 dealt with the "first instance" of oral copulation involving Scott and Kristina. In counts 5 and 6, Scott was charged with the same offenses concerning the "second instance" of oral copulation involving him and Kristina. n3

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n3 The information alleged in pertinent part:

"Count 1 - Forcible Rape [P] On or about September 05, 1996, Lionel Andrew Scott did unlawfully have and accomplish an act of sexual intercourse with Kristina . . ., a person not his spouse, against said person's will, by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury on said person and another, in violation of Penal Code Section 261(a)(2).

"Count 2 - Unlawful Sexual Intercourse with Minor Under 16 Years of Age [P] On or about September 05, 1996, Lionel Andrew Scott, a person over 21 years, willfully and unlawfully engage[d] in an act of sexual intercourse with Kristina . . ., a minor under 16 years of age, in violation of Penal Code Section 261.5(d).

"Count 3 - Forcible Oral Copulation [P] On or about September 05, 1996, Lionel Andrew Scott did unlawfully accomplish an act of oral copulation with Kristina . . ., which act was accomplished against the victim's will by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury on the victim, in violation of Penal Code Section 288a(c). (first instance)

"Count 4 - Oral Copulation by One Over 21 on Person Under 16 [P] On or about September 05, 1996, Lionel Andrew Scott, being over 21 years of age, did unlawfully participate in an act of oral copulation with Kristina . . ., a person under the age of 16, in violation of Penal Code Section 288a(b)(2). (first instance)

"Count 5 - Forcible Oral Copulation [P] On or about September 05, 1996, Lionel Andrew Scott did unlawfully accomplish an act of oral copulation with Kristina . . ., which act was accomplished against the victim's will by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury on the victim, in violation of Penal Code Section 288a(c). (second instance)

"Count 6 - Oral Copulation by One Over 21 on Person Under 16 [P] On or about September 05, 1996, Lionel Andrew Scott, being over 21 years of age, did unlawfully participate in an act of oral copulation with Kristina . . ., a person under the age of 16, in violation of Penal Code Section 288a(b)(2). (second instance)"

- - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [***8]

**(1a)** Scott contends the retrial of the forcible sex offenses should have been barred under section 1023 and double jeopardy principles based on an  [*792]  argument that under the accusatory pleading test the nonforcible sex crimes were lesser included offenses of the forcible sex offenses. The contention is without merit.

Preliminarily, we note this claim has been waived because it was not raised below. A plea of double jeopardy cannot be raised for the first time on appeal. (*People v. Scott* (1997) 15 Cal. 4th 1188, 1201 [65 Cal. Rptr. 2d 240, 939 P.2d 354].) However, we address the merits because Scott has maintained, in a supplemental brief, that his trial counsel's failure to raise this defense constituted ineffective assistance of counsel.

courts also held that [***32] the mind was not innocent if the actor was intending to commit a very wrongful act, even if no punishment was provided for that act, and hence he was acting with mens rea and might be guilty of an unintended crime." (Perkins & Boyce, Criminal Law, *supra*, Ignorance or Mistake of Fact, § 1, p. 1049, some italics omitted.)

**(6c)** Further, "a mistake of fact relating only to the gravity of an offense will not shield a deliberate offender from the full consequences of the wrong actually committed." (*People v. Lopez* (1969) 271 Cal. App. 2d 754, 760-761 [77 Cal. Rptr. 59], quoted with approval in *People v. Olsen*, *supra*, 36 Cal. 3d at p. 644.)

In sum, whether Scott reasonably and in good faith believed Kristina was 16 years old rather than 14 is of no import; it was not a potential defense. Scott was not entitled to a mistake of fact instruction. There was no error.

III.-V. *

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

* See footnote 1, *ante*, page 784.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - [***33]

. . . .

DISPOSITION

Affirmed.

Huffman, Acting P. J., concurred.  [*802]

**CONCURBY:** McDonald

**DISSENTBY:** McDonald

**DISSENT: McDONALD, J.,** Concurring and Dissenting.

I agree with part II of the majority opinion that under the facts of this case the trial court correctly refused to instruct that Scott's reasonable belief Kristina was 16 years old established a defense to the nonforcible sex crimes. (Counts 2, 4 and 6-- Pen. Code, §§ 261.5, subd. (d) and 288a, subd. (b)(2).) n1 I also agree with parts III and IV that the trial court correctly instructed with CALJIC No. 17.41.1 and found true the prior serious or violent felony conviction allegation. However, I do not agree with part I (lesser included offense analysis) and as a result I also do not agree with part V (limitation on credits).

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - - -

n1 All statutory references are to the Penal Code.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - -

In part I the majority concludes that the count 2 offense (unlawful intercourse with a minor under 16 years of age) is not a lesser included offense [***34] to the count 1 offense (forcible rape), and the counts 4 and 6 offenses (oral copulation by a person [**83] over 21

years of age with a minor under 16 years of age) are not lesser included offenses to the counts 3 and 5 offenses (forcible oral copulation), respectively. Were the majority comfortable with this conclusion, part I would have ended at that point; no further discussion of Scott's argument that section 1023 barred retrial of counts 1, 3 and 5 was necessary. However, part I continues with a discussion that concludes double jeopardy and section 1023 would prohibit retrial of the forcible sex offenses (counts 1, 3 and 5) if the nonforcible sex offenses (counts 2, 4 and 6) were lesser included offenses of the forcible sex offenses under the elements test but not if they were lesser included offenses under only the accusatory pleading test. In my opinion counts 2, 4 and 6 are lesser included offenses to counts 1, 3 and 5, respectively, under the accusatory pleading test, and section 1023 as applied in *People v. Fields* (1996) 13 Cal. 4th 289 [52 Cal. Rptr. 2d 282, 914 P.2d 832] (*Fields*), bars retrial of the greater offenses.

The California Supreme [***35] Court recently summarized the principles of lesser included offenses in *People v. Lopez* (1998) 19 Cal. 4th 282 [79 Cal. Rptr. 2d 195, 965 P.2d 713]. In *Lopez*, the court stated at pages 288 and 289:

"To determine whether a lesser offense is necessarily included in the charged offense, one of two tests (called the 'elements' test and the 'accusatory pleading' test) must be met. The elements test is satisfied when '"all the legal ingredients of the corpus delicti of the lesser offense [are] included in the elements of the greater offense." [Citation.]' . . .

"Under the accusatory pleading test, a lesser offense is included within the greater charged offense ' "if the charging allegations of the accusatory [*803] pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." [Citation.]' [Citations.]" If either test is met the lesser included offense is *necessarily* included in the charged offense. (19 Cal. 4th at p. 288.)

In this case the charging allegations of counts 1 and 2, considered together, describe the offense as follows: On or about September 5, 1996, Scott, [***36] a person over 21 years, did unlawfully have and accomplish an act of sexual intercourse with Kristina, a minor under 16 years of age not his spouse, against said person's will, by means of force, violence, duress, menace and fear of immediate and unlawful bodily injury in violation of section 261, subdivision (a)(2). As so charged, if section 261, subdivision (a)(2) is committed, the lesser offense of section 261.5, subdivision (d) is necessarily committed.

The charging allegations of counts 3 and 4, considered together, describe the offense as follows: On or about September 5, 1996, Scott, being over 21 years of age, did unlawfully accomplish an act of oral copulation with Kristina, a person under the age of 16, which act was accomplished against the victim's will by means of force, violence, duress, menace and feat or immediate and unlawful bodily injury in violation of section 288a, subdivision (c). As so charged, if section 288a, subdivision (c) is committed, the lesser offense of section 288a, subdivision (b)(2) is necessarily committed. Counts 3 and 4 are described in the charging allegation as the "first instance" to distinguish the charge from counts 5 and 6, which are described [***37] as the "second instance."

Similarly, the charging allegations of counts 5 and 6, considered together, describe the offense as follows: On or about September 5, 1996, Scott, being over 21 years of age, did unlawfully accomplish an act of oral copulation with Kristina, a person under the age of 16, which act was accomplished against the victim's will by means of force, violence, duress, menace and fear of immediate [**84] and unlawful bodily injury in violation of section 288a, subdivision (c). As so charged, if section 288a, subdivision (c) is committed, the lesser offense of section 288a, subdivision (b)(2) is necessarily committed.

Therefore, under the accusatory pleading test set forth in *Lopez*, as charged count 2 is a lesser included offense to count 1, count 4 is a lesser included offense to count 3, and count 6 is a lesser included offense to count 5. The majority disagrees with my view because the offenses were pleaded in different counts (maj. opn., *ante*, at pp. 795-796). However, if merely pleading in separate counts avoided the issue of lesser included offenses [*804] determined under the accusatory pleading test, there would be no accusatory pleading [***38] test; the

test could always be avoided by merely using multiple counts for the same offense. (See *People v. Rush* (1993) 16 Cal. App. 4th 20 [20 Cal. Rptr. 2d 15] [lesser included offenses found in separate counts under the accusatory pleading test].) The majority also refers to *People v. Ortega* (1998) 19 Cal. 4th 686, 693 [80 Cal. Rptr. 2d 489, 968 P.2d 48] for the proposition that a person may be convicted of multiple offenses arising from a single act or individual course of conduct, although section 654 bars multiple punishment. (Maj. opn., *ante*, at p. 795, fn. 6.) However, the majority's quotation from *Ortega* includes the caveat that the proposition does not apply if one offense is a necessarily included offense to the other. Because here the nonforcible offenses are lesser included offenses to the forcible offenses, the majority's quote from *Ortega*, although correct, by its terms is inapplicable to this case.

The majority's analysis is based on two concepts; double jeopardy and a perceived distinction between elements lesser included offenses and accusatory pleading lesser included offenses. The majority's position assumes [***39] that under the accusatory pleading test, but not under the elements test, the nonforcible sex crimes are lesser included offenses to the forcible sex offenses. It then concludes that only elements test lesser included offenses may be considered in a double jeopardy analysis. The problem with the majority's position is that no one, other than the majority, contends the bar to retrial of the forcible sex offenses is based on double jeopardy principles. Therefore, even if the majority's perceived distinction between elements test and accusatory pleading test lesser included offenses is correct, it is not relevant to this case.

First, the majority opinion characterizes Scott's appellate contention to be that his convictions of the nonforcible sex offenses were implicit acquittals of the forcible sex offenses because the former were lesser included offenses of the latter and as a result retrial of the forcible sex offenses was barred by double jeopardy principles. (Maj. opn., *ante*, at pp. 793-794.) The majority opinion has mischaracterized Scott's position. Scott does not argue that double jeopardy bars retrial of the forcible sex offenses; *Fields* rejected the double jeopardy [***40] argument. (*Fields, supra*, 13 Cal. 4th at p. 303 ["We thus conclude that under the double jeopardy principles embodied in the California Constitution [and the Fifth Amendment of the United States Constitution], when jurors deadlock on a greater offense, an acquittal on that charge will not be implied by the jury's verdict of guilty on a lesser included offense"].) Rather, Scott's appellate argument is based on the holding in *Fields* that "pursuant to section 1023 and [ *People v. Greer* (1947) 30 Cal. 2d 589 [184 P.2d 512]], the conviction of the lesser offense in the first trial [*805] operated to bar the retrial of defendant on the greater offense, regardless of the first jury's deadlock on the greater offense." (*Id.* at p. 307.)

The *Fields* decision was not based on double jeopardy principles but rather on the following considerations:

1. "Once a conviction on the lesser offense has been obtained, ' "to [later] convict of the greater would be to convict twice of the lesser." ' " (*Fields, supra*, [**85] 13 Cal. 4th at p. 306.)

2. A contrary rule would vitiate section 1023 by permitting the prosecution [***41] to start with " 'prosecution of the lesser offense and proceeding up the scale.' " (*Fields, supra*, 13 Cal. 4th at p. 307.)

3. Problems of application of a contrary rule, including instructions to the jury in the second trial. (*Fields, supra*, 13 Cal. 4th at p. 307, fn. 5.)

4. Consistency with "the acquittal-first rule, requiring the jury to expressly acquit the defendant before rendering a verdict on the lesser offense" (*Fields, supra*, 13 Cal. 4th at p. 309), as set forth in *People v. Kurtzman* (1988) 46 Cal. 3d 322, 334 [250 Cal. Rptr. 244, 758 P.2d 572].

To avoid the problem presented in *Fields* and in this case, the Supreme Court in *Fields, supra*, 13 Cal. 4th 289, set forth detailed rules addressed to trial courts and prosecutors. The court stated at pages 310 and 311:

"As our opinion today makes clear, under *Kurtzman*, when the jury returns a verdict on the lesser included offense, it must also render a corresponding verdict of acquittal on the greater offense. If a verdict of guilty on the lesser offense is recorded and the jury discharged without having rendered any verdict [***42] on the greater offense, a retrial on the greater offense is barred under section 1023, regardless of whether the jury expressly deadlocked on that charge. We recognize, however, that there may be instances such as occurred here in which, contrary to the rule of *Kurtzman*, the jury renders only a verdict of guilty on the lesser included offense. If this occurs, the trial court may properly decline to receive and record this verdict of conviction pending further deliberations by the jury. More specifically, prior to discharging the jury, the trial court has the authority pursuant to section 1161 to direct the jury to reconsider its lone verdict of conviction on the lesser included offense in light of *Kurtzman* and the acquittal-first rule. [Citation.] By making use of such a procedure, the trial court can prevent the unintended consequences flowing from the jury's mistake in returning a verdict of guilty on the lesser included offense while deadlocking on the greater offense.

"SECTION 1161 PROVIDES IN PERTINENT PART: 'When there is a verdict of conviction, in which it appears to the court that the jury have mistaken the [*806] law, the court may explain the reason for [***43] that opinion and direct the jury to reconsider their verdict, and if[,] after the reconsideration, they return the same verdict, it must be entered. . . .' If, contrary to *Kurtzman*, the jury renders only a verdict of conviction on the lesser included offense, without a corresponding verdict of acquittal on the greater offense, its verdict of conviction is incomplete 'under the law and the instructions.' [Citations.] Under these circumstances, the trial court is permitted, pursuant to section 1161, to direct the jury to reconsider its verdict of conviction in light of the acquittal-first rule.

"Prior to the discharge of the jury, during which time the trial court is empowered to direct the jury to reconsider a lone verdict of conviction on the lesser included offense in light of *Kurtzman*, the incomplete verdict of conviction rendered by a jury 'mistaken in the law' does not implicate a defendant's double jeopardy interest in avoiding retrial on the greater offense. [Citations.] By contrast, if the jury renders an incomplete verdict of conviction on the lesser included offense, and the rendered verdict is received by the court and recorded, and the jury is discharged, [***44] the trial court no longer has jurisdiction to direct jurors to reconsider their irregular verdict. [Citations.] Under such a scenario, the consequence of the 'mistake in the law' should be borne by the People, [**86] rather than the defendant. Thus, once the jury is discharged after rendering a verdict of guilty on the lesser included offense, without a corresponding verdict of acquittal on the greater offense, the defendant stands convicted of the lesser included offense, and retrial on the greater offense is barred notwithstanding the jury's deadlock on that charge. (§ 1023.)

"Placing the onus on the People to bring an incomplete verdict of conviction to the trial court's attention prior to jury discharge is appropriate because it preserves the possibility that, after reconsideration pursuant to section 1161, the jury will decline to return the requisite verdict of acquittal of the greater offense. Should this occur, the incomplete verdict of conviction on the lesser included offense initially rendered by the jury is of no effect, and the prosecutor may move the trial court to declare a mistrial, discharge the jury, and set the entire matter for retrial. [Citations.] Alternatively, [***45] when faced with a deadlock on the greater offense and a verdict of guilty on the lesser included offense, the People may prefer to forgo the opportunity to convict the accused of the greater offense on retrial in favor of obtaining a present conviction on the lesser included offense. [Citation.] In that case, the People should move the trial court to exercise its discretion to dismiss the charge on the greater offense in furtherance of justice under section 1385."

Neither the language nor the rationale of *Fields* distinguishes between elements test and accusatory pleading test lesser included offenses for purposes of the retrial bar of section 1023. [*807]

Second, the majority seems to adopt the view that a lesser included offense so determined under the accusatory pleading test is not a "necessarily" lesser included offense and therefore

has limited application. For example, the majority opinion does not express disagreement with the Supreme Court in *Fields,* it merely concludes that *Fields* does not apply if the lesser included offense is so designated under the accusatory pleading test rather than under the elements test because under the former it is not a [***46] *necessarily* lesser included offense. I find no rationale for this distinction. Certainly there is no reference to that distinction in *Fields,* which does not use the term "necessarily included offense," and the rationale of *Fields* applies as much to accusatory pleading test lesser included offenses as to element test lesser included offenses. Furthermore, *Lopez* defined accusatory pleading lesser included offenses as necessarily lesser included offenses.

The majority acknowledges that for purposes of jury instructions, a lesser included offense under the accusatory pleading test is the equivalent of a lesser included offense under the elements test. If the trial court must instruct on the lesser included offense, then the appropriate instruction concludes: "However, the court cannot accept a guilty verdict on a lesser crime unless you have unanimously found the defendant not guilty of the . . . greater crime." (CALJIC No. 17.10.) This instruction is consistent with *Fields* and makes no distinction between elements test lesser included offenses and accusatory pleading lesser included offenses. Therefore, in this case, the trial court erred by accepting guilty verdicts [***47] on the nonforcible sex offenses (lesser included offenses) without requiring a verdict of acquittal on the forcible sex offenses (greater offenses). Under these circumstances, the jury has returned an irregular verdict and if the court, as here, releases the jury, "the defendant stands convicted of the lesser included offense, and retrial on the greater offense is barred notwithstanding the jury's deadlock on that charge. (§ 1023.)" (*Fields, supra,* 13 Cal. 4th at p. 311.)

Although the majority opinion acknowledges that instructions on the lesser included [**87] offense determined under the accusatory pleading test must be given (maj. opn., *ante,* at pp. 795-796), it ignores the ramifications of the instruction requirement set forth in *Fields.* It also acknowledges that offenses determined to be lesser included offenses under the accusatory pleading test are subject to the provisions of section 1159. By its terms, section 1159 is applicable to "necessarily included" lesser offenses. If section 1159 is applicable to accusatory pleading lesser included offenses, then those offenses are by definition "necessarily" lesser included offenses. (But see *People v. Scheidt* (1991) 231 Cal. App. 3d 162, 167-168 [282 Cal. Rptr. 228].) [***48]

In my opinion the *Fields* decision is binding on this court and dispositive of the issue of whether the forcible sex offenses on which the jury in Scott's [*808] first trial could not reach a verdict can be retried following Scott's convictions on the lesser included nonforcible sex offenses. Based on the authority of *Fields,* I conclude that the trial court was without jurisdiction to retry Scott on the alleged forcible sex offenses.

The People argue that even were Scott's retrial barred, there was no objection in the trial court and this contention may not be raised for the first time on appeal. I note, however, that there is no reference in *Fields* to the requirement of raising the bar first in the trial court, although that is clearly the best procedure. In any event, if the issue must be raised first in the trial court and was not, Scott received ineffective assistance of counsel by his trial counsel not raising the issue. Furthermore, the ineffective assistance of counsel was prejudicial because it resulted in three convictions that under *Fields* were barred from retrial.

I would reverse Scott's convictions for the three forcible sex offenses (counts 1, [***49] 3 and 5) and remand the matter to the trial court for resentencing and reconsideration of the credit limitation issue.

Appellant's petition for review by the Supreme Court was denied January 10, 2001.

| Date | Doc # | Docket Entry |
|------|-------|--------------|
| 02/22/01 | 1 | Petition for Writ of Habeas Corpus by Lionel Scott referred to Magistrate Judge John A. Houston : Receipt No/Amt of FEE: Petition submitted w/o IFP motion. (bjr) [Entry date 02/23/01] |
| 04/09/01 | 2 | Order dismissing case without prejudice by Judge Thomas J. Whelan; if petitioner wishes to proceed with this case, he must submit no later than 6/12/01 a copy of this order with $5.00 fee or with adequate proof he cannot pay the fee (andy) [Entry date 04/10/01] |
| 04/10/01 | 3 | Clerks Judgment: the court dismisses the case without prejudice; if petitioner wishes to proceed with this case, he must submit no later than 6/12/01 a copy of this order with the $5.00 fee or adequate proof he cannot pay the fee terminating case (andy) [Entry date 04/10/01] |
| 04/12/01 | 4 | Notice Regarding Possible Failure to Exhaust and 1 Year Statute of Limitations by Magistrate Judge John A. Houston (jah) [Entry date 04/12/01] |
| 06/12/01 | 5 | Fee paid on 6/12/01 in the amount of $5.00 receipt # 072060 Case reopened (andy) [Entry date 06/12/01] |
| 08/31/01 | 6 | Order reopening case and setting briefing schedule by Magistrate Judge John A. Houston: ct orders case be reopened. Respondent to file motion to dismiss by 10/12/01. Petitioner to file opposition by 11/8/01. Respondent to file and serve an answer to petition by 10/29/01. Petitioner to file Traverse by 11/30/01 Case reopened (tkl) [Entry date 09/04/01] |
| 09/28/01 | 7 | Answer to petition for writ of Habeas Corpus by respondent Silvia Garcia, respondent Bill Lockyer (tkl) [Entry date 10/01/01] |
| 09/28/01 | 8 | Memorandum of points and authorities by respondent Silvia Garcia, respondent Bill Lockyer in support of answer returned [7-1] (tkl) [Entry date 10/01/01] |
| 09/28/01 | 9 | Notice of lodgment by respondent Silvia Garcia, respondent Bill Lockyer (tkl) [Entry date 10/01/01] |
| 10/25/01 | 10 | Traverse by petitioner Lionel Scott to respondent's return to his petition for writ of habeas corpus [1-1] (tkl) [Entry date 10/26/01] |
| 11/29/01 | 11 | Report and Recommendation regarding the denial of petition for Writ of Habeas Corpus by Magistrate Judge John A. Houston; Objections to be filed 12/28/01 and Reply to objections to be filed 1/18/02 (andy) [Entry date 11/29/01] |

[END OF DOCKET: 3:01cv305]

Objection to Recommendation
sent out Dec. 17, 2001
Inactive counsel Date unknown
Restitution 3.20.2006

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| ☒ COUNTY COURTHOUSE, 220 W. BROADWAY, SAN DIEGO, CA 92101-3814<br>☐ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ FAMILY COURT, 1555 6TH AVE, SAN DIEGO, CA 92101-3294<br>☐ MADGE BRADLEY BLDG., 1409 4TH AVE., SAN DIEGO, CA 92101-3105<br>☐ KEARNY MESA BRANCH, 8950 CLAIREMONT MESA BLVD., SAN DIEGO, CA 92123-1187<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92083-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649<br>☐ JUVENILE COURT, 2851 MEADOW LARK DR., SAN DIEGO, CA 92123-2792<br>☐ JUVENILE COURT, 325 S. MELROSE DR., VISTA, CA 92083-6634 | F I L E D<br>Clerk of the Superior Court<br>MAY 1 6 2007<br>By: K. D. STURDIVANT, Deputy |

| PLAINTIFF(S)/PETITIONER(S)<br><br>THE PEOPLE OF THE STATE OF CALIFORNIA, | |
|---|---|
| DEFENDANT(S)/RESPONDENT(S)<br><br>LIONEL ANDREW SCOTT | JUDGE: HOWARD H. SHORE<br>DEPT: 15 |
| **CLERK'S CERTIFICATE OF SERVICE BY MAIL**<br>**(CCP 1013a(4))** | CASE NUMBER<br>SCD 137581 |

I, certify that: I am not a party to the above-entitled case; that on the date shown below, I served the following document(s):
ORDER DENYING MOTION TO MODIFY SENTENCE

on the parties shown below by placing a true copy in a separate envelope, addressed as shown below; each envelope was then sealed and, with postage thereon fully prepaid, deposited in the United States Postal Service at:  ☒ San Diego  ☐ Vista  ☐ El Cajon  ☐ Chula Vista  ☐ Ramona, California.

<u>NAME & ADDRESS</u>                    <u>NAME & ADDRESS</u>

Lionel Andrew Scott, P 34349
Centinela State Prison
PO Box 911, B-5-150L
Imperial CA 92251

CLERK OF THE SUPERIOR COURT

Date: May 16, 2007          by _____, Deputy
K. Sturdivant

SDSC CIV-286(Rev. 12-02)          **CLERK'S CERTIFICATE OF SERVICE BY MAIL**

S153783

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re LIONEL SCOTT on Habeas Corpus

---

The petition for writ of habeas corpus is denied.

SUPREME COURT
## FILED

NOV 2 8 2007

Frederick K. Ohlrich Clerk

---
Deputy


---
GEORGE
Chief Justice

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

FILED

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2007 DEC 19  PM 4: 08

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**I (a) PLAINTIFFS**

Lionel Scott

2254  AGENDA  1983
FILING FEE PAID  Yes  No
IFP MOTION FILED  Yes  No
COPIES SENT TO:  Court  ProSe

Unknown

**(b) COUNTY OF RESIDENCE OF FIRST LISTED**  San Diego
**PLAINTIFF**
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

Lionel Scott
PO Box 799005
San Diego, CA 92179
P-34349

ATTORNEYS (IF KNOWN)

'07 CV 2387 L PCL

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

### 28 U.S.C. 2254

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC81 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☒ 530 General | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23   DEMAND $ _____   Check YES only if demanded in complaint:   JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):**  JUDGE _____   Docket Number _____

DATE    December 19, 2007    SIGNATURE OF ATTORNEY OF RECORD

R. Mull